# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ARTURO MARTINEZ-SANCHEZ,

    Petitioner,

vs.                                                       CASE NO. 4:09cv350-MP

PAIGE AUGUSTINE, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, and was directed to either pay the $5.00 filing fee or submit a motion to proceed in forma pauperis by October 9, 2009. Doc. 3. To date, Petitioner has not complied by paying the fee or filing a motion.

On Petitioner's motion for expedited review, doc. 4, the Government was directed to file a brief, expedited response explaining the basis for Petitioner's federal custody. Doc. 5 (order to show cause) (incorporated herein by reference). Petitioner had claimed he was transferred to federal custody upon release from state custody, yet the reason for his detention was not explained to him or supported by any documentation.

The Government responds that Petitioner was taken into federal custody to serve the six month sentence imposed in this court, case number 5:05cr29-RH. Doc. 7, p. 4 and Attachment 1 (sealed). There is also a detainer filed by Immigration and Customs Enforcement (ICE), so after his release Petitioner will be turned over to ICE for deportation. *Id.*, p. 4 and Attachment 2 (ICE Detainer Notice of Action).[1]

Petitioner's claim that there is no support for his federal confinement is therefore unsupported. Challenges to the execution of his sentence by the Bureau of Prisons, if any, have not yet been exhausted and are not reviewable at this time. *See* doc. 7, pp. 5-6 (noting that exhaustion is required, Petitioner had not filed any administrative remedies, and explaining the Administrative Remedy Program of the BOP), and Attachment 3 (declaration).

Petitioner has not challenged the ICE detainer. Even assuming he is in custody of that detainer for habeas corpus purposes,[2] judicial review of challenges to removal is extremely limited and jurisdiction is vested exclusively in the court of appeals. *See* 8 U.S.C. § 1252(b)(9) and § 1252(a)(5), respectively; Aguilar v. U.S. Immigration & Customs Enforcement, 510 F.3d 1, 8-9 (discussing the jurisdictional limits of review imposed by statute) (1st Cir. 2007); Garcia de Rincon v. Dep't of Homeland Sec., 539

---

[1] On the notice of action form, an X appears next to the statement "[d]eportation or removal from the United States has been ordered." Doc. 7, Attachment 2. As previously noted, the conviction in case number 5:05cr29-RH was for illegal reentry by a deported alien. Doc. 5, p. 2.

[2] *See* Orozco v. INS, 911 F.2d 539, 541 (11th Cir.1990) ("The filing of [a] detainer, standing alone, did not cause [the alien] to come within the custody of the INS."); Oguejiofor v. Attorney General, 277 F.3d 1305, 1308, n. 2 (11th Cir. 2002) (quoting Orozco). *See also*, Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir.2003) (collecting cases).

F.3d 1133, 1137-39 (9th Cir. 2008) (discussing 8 U.S.C. § 1231 and § 1252) (finding circuit court lacked jurisdiction to review 2004 reinstatement of 1999 expedited removal order).

The Government has shown a basis for Petitioner's confinement. Petitioner has not raised any specific legal challenges to his detention, nor has he exhausted BOP remedies as to any potential claim.

It is therefore respectfully **RECOMMENDED** that this 28 U.S.C. § 2241 proceeding be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2009.

 S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**